[Crim. No. 4586.  Second Dist., Div. Three.  May 4, 1951.]

THE PEOPLE, Respondent, v. RICHARD ELLIOTT
McNEESE, Appellant.

Gladys Towles Root for Appellant.

Edmund G. Brown, Attorney General, and Howard S.
Goldin, Deputy Attorney General, for Respondent.

WOOD (Parker), J.—Defendant was charged in two counts
with violation of section 288 of the Penal Code, and in another
count with violation of section 286 of the Penal Code (in-
famous crime against nature).  He admitted an allegation
in the information that he had been convicted previously of
a felony.  Trial by jury was waived.  He was convicted on
the three counts.  Although his notice of appeal states that he
appeals from "the judgment," it will be assumed that he

appeals from each of the three judgments. His contention is that the evidence was insufficient.

The complaining witness, a boy 13 years of age, resided with his parents. On three occasions, with the consent of his parents and upon the invitation of defendant, the boy stayed overnight at the home of defendant and slept in a bed with him. In his testimony the boy related facts which were sufficient to prove that defendant violated said section 288 on the two occasions alleged and that he violated said section 286 as alleged.

Appellant contends that the testimony of the boy was of little or no value because he had a motive to make a false accusation, he had been ''coached'' as a witness, he was impeached, and there was no corroboration of his testimony. The alleged motive, according to appellant, was that the boy's father and appellant (who had been friends about four months) had had an argument two or three weeks after the last alleged offense occurred. The alleged coaching, according to appellant, was that the dates of the occurrences had been suggested to the boy. Appellant asserts that the boy was impeached, in that, he testified at the trial that he did not ask his father or mother for permission to visit appellant but it was appellant who asked the parents for such permission, and he testified at the preliminary examination that on one occasion he (the boy) asked his mother for permission and on another occasion he asked his father for permission. As to corroboration, appellant asserts in his brief that he does not contend that there is a legal necessity for corroboration of the boy's testimony, but he does contend that the lack of corroboration taken in connection with the other factors, namely, the alleged motive, coaching, and impeachment, ''would discredit the testimony of the complaining witness.'' A brother of the complaining witness, 10 years of age, testified that on two occasions he stayed all night at appellant's home and that he, his brother, and appellant slept in a room in which there were twin beds, and that on those occasions his brother and appellant slept in one bed and he slept in another bed. Appellant testified that the complaining witness stayed all night at his home on two occasions, and that on the first occasion he and the complaining witness were in the same bed for a while, and on the second occasion they slept in the same bed. The matters as to corroboration, alleged motive, coaching, and impeachment were for the consideration of the trial judge in determining the weight to be given to the

testimony of the witness. A recital of the details of the testimony would not serve a useful purpose. Factual issues were presented for the determination of the trial court. The evidence was sufficient to support the judgments.

The judgments are affirmed.

Shinn, P. J., and Vallée, J., concurred.